# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Olivia Aguilar-Bamaca, | Case No.: 2:18-cv-01486-JAD-NJK |
| Petitioner | **Order Closing Case** |
| v. | |
| Nikita Curry, Assistant Field Office Director, Immigration & Customs Enforcement; et al., | |
| Respondents | |

Petitioner Olivia Aguilar-Bamaca is a citizen of Guatemala who, along with her five-year-old daughter, entered the United States without inspection to seek asylum. The two were soon separated: the daughter was released to Aguilar-Bamaca's brother in Florida while Aguilar-Bamaca went through credible fear interviews to determine whether she was eligible for asylum. An asylum officer and an immigration judge both found Aguilar-Bamaca ineligible, and the Department of Homeland Security (DHS) began arranging for her removal to Guatemala. At some point, Immigration and Customs Enforcement (ICE), a division of DHS, transferred Aguilar-Bamaca to a detention facility in Southern Nevada. Concerned that she would be deported without her daughter, Aguilar-Bamaca filed a habeas corpus petition in this district.[1] Aguilar-Bamaca asserted that she was a class member under the nationwide injunction issued in *Ms. L. v. U.S. Immigration & Customs Enforcement*, in which the U.S. District Court for the Southern District of California enjoined DHS from deporting class members without first reuniting them with their children.[2]

I ordered the government to respond to the petition,[3] but while its response was pending, Aguilar-Bamaca filed an emergency motion, informing me that ICE had transferred her to a

---

[1] ECF No. 1.

[2] *Ms. L. v. U.S. ICE*, 310 F. Supp. 3d 1133, 1149–50 (S.D. Cal. 2018).

[3] ECF No. 3.

1

facility in Arizona for immediate removal and seeking a stay until I decided her petition.[4] I granted the motion and set an emergency hearing.[5] Meanwhile, the government filed its response, conceding that Aguilar-Bamaca was a class member under the nationwide injunction and representing that it was in the process of reunifying her with her daughter.[6]

At the hearing on August 31, the government confirmed both points on the record and described its efforts to reunify Aguilar-Bamaca with her daughter. I extended my temporary stay of deportation for a week and ordered the government to appear for a status hearing and file a status report before the stay's expiration.[7] In its report, the government represented that it would pay for Aguilar-Bamaca's brother and daughter to travel to a yet-to-be-determined facility where mother and daughter would be reunited.[8] At the status hearing, the government elaborated that it was still working out the logistics but that the reunification would occur at a family detention facility in Texas.[9] The government again confirmed that Aguilar-Bamaca was a class member under the nationwide injunction and represented that it did *not* intend to argue that she was "unfit or present[ed] a danger to" her daughter and was thus exempt from the reunification mandate.[10] Because reunification was underway and absent objection from Aguilar-Bamaca's counsel, I allowed my stay order to expire at the parties' joint request but ordered the government to file a final status report once reunification occurred.

On September 17, the government gave notice that Aguilar-Bamaca and her daughter were reunited and being housed at a center in Dilley, Texas.[11] Aguilar-Bamaca has made no

---

[4] ECF No. 5.

[5] ECF No. 6.

[6] ECF No. 10 ("Petitioner in this matter falls within the class.").

[7] ECF No. 11.

[8] ECF No. 15.

[9] ECF No. 16.

[10] *See Ms. L.*, 310 F. Supp. at 1149.

[11] ECF No. 17.

further filings, and I see no cause for keeping her case open; any possible relief against removal that she or her daughter may pursue is an immigration matter outside my jurisdiction.

Accordingly, IT IS HEREBY ORDERED that the **Clerk of the Court CLOSE THIS CASE**.

Dated: October 9, 2018

_____
U.S. District Judge Jennifer A. Dorsey